O. ANDREW WHEATON (State Bar No. 151811)
awheaton@leekent.com
LEE & KENT
915 Wilshire Boulevard, Suite 2050
Los Angeles, California 90017
Telephone:  (213) 542-4232/ Facsimile (213) 542-4234

Attorneys for Plaintiff
Nexsun Corp.

FILED
CLERK, U.S. DISTRICT COURT

NOV 2 3 2009
12:29

CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXSUN CORP., a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN CONDO, also known as IOANNIS KOUTSOUBOS, individually and doing business as DUPONT ALLIANCE; DUPONT ALLIANCE, LLC, a Florida limited liability company; BBDA GLOBAL INVESTMENT FUND, LLC, a Florida limited liability company; DAC GLOBAL, LLC, a Florida limited liability company; MICHAEL ZANETTI, an individual; BBDA ADVISORS, LLC, a Florida limited liability company; WILLIAM STURTEVANT, an individual; LYNN KNOX, an individual,<br><br>Defendants. | CASE NO. CV09-8606 ODW (SSx)<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. VIOLATION OF SECTION 1962(c) OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT<br>2. PROMISSORY FRAUD<br>3. NEGLIGENT MISREPRESENTATION<br>4. FRADULENT CONCEALMENT<br>5. CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD<br>6. UNJUST ENRICHMENT<br>7. RESCISSION<br>8. DECLARATORY RELIEF<br>9. IMPOSITION OF A CONSTRUCTIVE TRUST<br>10. FOR AN ACCOUNTING<br>11. CONVERSION<br>12. NEGLIGENCE<br>13. BREACH OF FIDUCIARY DUTY<br><br>JURY TRIAL DEMANDED |

1

Plaintiff Nexsun Corp. (hereinafter referred to as "Plaintiff" or "Nexsun") complains and alleges against defendants John Condo, Dupont Alliance, LLC ("Dupont"), BBDA Global Investment Fund, LLC ("BBDA Global"), DAC Global, LLC ("DAC"), Michael Zanetti, BBDA Advisors, LLC ("BBDA Advisors"), William Sturtevant and Lynn Knox as follows:

## PARTIES

1.      At all times relevant herein, Nexsun was a corporation organized and existing under the laws of the State of Texas, with its principal place of business in the County of Los Angeles, State of California.

2.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned John Condo, also known as Ioannis Koutsoubos, was an individual, doing business as Dupont Alliance, residing in the County of Pinellas, State of Florida and doing business in the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Dupont was a Florida limited liability company doing business in the County of Los Angeles, State of California, with its principal place of business in the County of Pinellas, State of Florida.

4.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned BBDA Global was a Florida limited liability company doing

2

business in the County of Los Angeles, State of California, with its principal place of business in the County of Pinellas, State of Florida.

5.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned DAC was a Florida limited liability company doing business in the County of Los Angeles, State of California, with its principal place of business in the County of Pinellas, State of Florida.

6.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Michael Zanetti was an individual residing in the County of Pinellas, State of Florida and doing business in the County of Los Angeles, State of California.

7.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned BBDA Advisors was a Florida limited liability company doing business in the County of Los Angeles, State of California, with its principal place of business in the County of Pinellas, State of Florida.

8.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned William Sturtevant was an individual residing in the County of Pinellas, State of Florida and doing business in the County of Los Angeles, State of California.

9.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Lynn Knox was an individual residing in the County of Fulton,

State of Georgia and doing business in the County of Los Angeles, State of California.

10.     Defendants John Condo, Dupont, BBDA Global, DAC, Michael Zanetti and BBDA Advisors are sometimes hereinafter collectively referred to as the "Dupont Defendants."

11.     Defendants John Condo, Dupont, BBDA Global, DAC, Michael Zanetti, BBDA Advisors, William Sturtevant and Lynn Knox are sometimes hereinafter collectively referred to as the "Defendants."

12.     Plaintiff is informed and believes and thereon alleges that at all times relevant, there existed a unity of interest and ownership among the Dupont Defendants such that any individuality and separateness of such defendants ceased, such that if the acts alleged below are treated as those of the defendants' alone, an inequitable result will follow.

13.     Plaintiff is informed and believes, and based upon such information and belief alleges, that the Dupont Defendants, and each of them, are and were the agents, servants, employees, partners, joint ventures, members and alter egos of each other, and that in doing the things alleged herein, they acted within the scope of such relationship and/or authority.

4

## JURISDICTION AND VENUE

14.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

15.     This Court has personal jurisdiction over Defendants because they purposefully directed their activities as described herein towards residents of the State of California.  This lawsuit arises out of or relates to those activities.  The exercise of personal jurisdiction over Defendants is reasonable and comports with traditional notions of fair play and substantial justice.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1331(b)(2).

## GENERAL ALLEGATIONS

17.     Nexsun is a developer of renewable fuel projects.

18.     The total capital costs of a typical renewable fuel project can exceed One Hundred Million Dollars ($100,000,000).

19.     In or about mid-2008, Nexsun met with a commercial loan broker, defendant Lynn Knox.

20.     At that time, Lynn Knox advised Nexsun that he and his partner, defendant William Sturtevant, were also the agents and authorized representatives for a group based in Clearwater, Florida, which was described as a potential source of funding for Nexsun.  Lynn Knox later indentified this group as "Dupont," which he described as a company that (a) was in the business of making equity

investments in renewable fuel projects, (b) controlled hundreds of millions of dollars and (c) that a significant portion of those funds were earmarked for investment in renewable fuel projects.

21.     Plaintiff is informed and believes, and based upon such information and belief alleges, that prior to mid 2008, the Dupont Defendants came together with the common shared purpose to defraud investors, including but not limited to Nexsun, and collecting profits from these unlawful activities (the "Conspiracy").

22.     In early July 2008, Nexsun's then Chief Executive Officer, Dr. James Latty, and its then Chief Financial Officer, Howard Nilsen, traveled from California to Florida to meet with and on or about July 8, 2008 met with John Condo, who represented himself as being Dupont, BBDA Global and DAC's Managing Member.  Lynn Knox and William Sturtevant also attended and participated in the meeting.  At or about the time of this meeting, Messrs. Latty and Nilsen were advised that Michael Zanetti was BBDA Global's authorized agent and agent and that he would be Nexsun's primary contact person in future dealings with BBDA Global.

23.     During the course of the July 8, 2008 meeting, Mr. Condo stated that, on behalf of several dozen high net worth investors from around the globe, BBDA Global managed an investment fund.

24.     Also during the July 8, 2008 meeting, John Condo outlined a model by which the Dupont Defendants would consider investing in renewable fuel projects proposed by Nexsun.  In particular, John Condo indicated that the Dupont Defendants were interested in investing one hundred percent (100%) of the capital required to complete renewable fuel projects proposed by Nexsun.

25.     During the course of the meeting, John Condo informed Messrs. Latty and Nilsen that in order to proceed with the Dupont Defendants' investment in Nexsun's projects, Nexsun would be required to deposit certain funds with the Dupont Defendants.  John Condo assured Messrs. Latty and Nilsen that if the deal did not close, Nexsun's contemplated deposit would be fully refundable.

26.     On or about August 25, 2008, by means of electronic mail, interstate telephone calls, and/or U.S. Mail, the Dupont Defendants presented Nexsun with a letter of intent and deposit for investment agreement (hereinafter collectively referred to as the "LOI"), whereby the Dupont Defendants represented that they had a "definitive interest" in investing the sum of Three Hundred Thirty Million Dollars ($330,000,000) into renewable fuel projects proposed by Nexsun (the "Nexsun Projects").  A true and correct copy of the LOI is attached hereto as Exhibit "A" and is incorporated herein by this reference.

27.     Pursuant to the LOI, on or about September 2, 2008, Nexsun caused the sum of Three Hundred Thousand Dollars ($300,000) to be wired to the Dupont Defendants (the "Refundable Deposit").

28.     Pursuant to the LOI, upon their receipt of the Refundable Deposit, the Dupont Defendants were required to provide Nexsun with documentation, a so-called Safe-Keeping Receipt, which reflected that Nexsun was assigned a portion of a Standby Letter of Credit issued to the Dupont Defendants.

29.     After Nexsun remitted the Refundable Deposit to the Dupont Defendants, the Dupont Defendants provided Nexsun with a document that purported to memorialize that the sum of $300,000 Euros was assigned to Nexsun pursuant to a Standby Letter of Credit that was allegedly issued to the Dupont Defendants (hereinafter referred to as the "Lloyds Letter").  A true and correct copy of the Lloyds Letter is attached hereto as Exhibit "B" and is incorporated herein by this reference.

30.     Because relevant portions of the Lloyds Letter were redacted, Nexsun was unable to confirm the authenticity of the document or the existence of the underlying funds.  Despite multiple requests by Nexsun, the Dupont Defendants refused to provide Nexsun with an unredacted copy of the Lloyds Letter and/or provide Nexsun with a means of verifying the document's authenticity.

31.     On or about November 17, 2008, by means of electronic mail, interstate telephone calls, and/or U.S. Mail, pursuant to the terms of a document denoted Conditional Commitment Letter (hereinafter referred to as the "CCL"), the Dupont Defendants conditionally committed to making a Three Hundred Thirty Million Dollars ($330,000,000) investment with Nexsun for the acquisition, development and construction of the Nexsun Projects.  A true and correct copy of the CCL is attached hereto as Exhibit "C" and is incorporated herein by this reference.

32.     Pursuant to the CCL and LOI, the Dupont Defendants' funding obligations were required to occur within thirty (30) days following the parties' execution of a document denoted as the Master Investment Agreement (hereinafter referred to as the "MIA").  A true and correct copy of the MIA is attached hereto as Exhibit "D" and is incorporated herein by this reference.

33.     As of May 20, 2009, the MIA was fully executed.

34.     Nexsun satisfied all the terms and conditions necessary to trigger the Dupont Defendants' funding obligations.

35.     Pursuant to the MIA, the Dupont Defendants were obligated to invest the sum of Three Hundred Thirty Million Dollars ($330,000,000) for the development of the Nexsun Projects within thirty (30) days after its execution.

36.   On May 29, 2009, pursuant to the Conspiracy, the Dupont Defendants advised Nexsun that the funding date under the MIA would be October 6, 2009, which was more than four (4) months after the MIA was fully executed.  Nexsun's objections to the protracted delay in funding were ignored by the Dupont Defendants.  Said delays have and continue to cause substantial injury and damage to Nexsun, in an amount believed to be in excess of Two Million Dollars ($2,000,000).

37.   Despite representations made by means of electronic mail, interstate telephone calls, and/or U.S. Mail, the Dupont Defendants failed and continue to fail to invest the sum Three Hundred Thirty Million Dollars ($330,000,000) for the development of the Nexsun Projects or return the Refundable Deposit or provide an accounting of its rents, issues and profits.

38.   Plaintiff is informed and believes, and based upon such information and belief alleges, that the representations made to Nexsun by the Dupont Defendants regarding their finances and intentions and their funding obligations were knowingly false when made, and were made by each of them with the intent and effect of inducing Nexsun enter into the LOI, CCL and MIA and to remit the Refundable Deposit to the Dupont Defendants.

39.   On or about August 9, 2009, in furtherance of the Conspiracy's objectives, John Condo met with Nexsun's Chairman and Vice President in Los

Angeles, California.  During this meeting John Condo again assured Nexsun that the Condo Defendants' investment in the Nexsun Projects would be funded on October 6, 2009.

40.     Following the Dupont Defendants' failure to fund their investment in the Nexsun Projects, Nexsun demanded that the Dupont Defendants return the Refundable Deposit and provide it with an accounting of their use and disposition of any funds.  Despite Nexsun's demand, the Dupont Defendants failed and refused to return the Refundable Deposit and failed to invest the sum of Three Hundred Thirty Million Dollars ($330,000,000) into the Nexsun Projects and failed to provide an accounting.

41.     Plaintiff is informed and believes, and based upon such information and belief alleges, that the Dupont Defendants knowingly developed and perpetrated the above-described scheme with the effect of and intent to induce Nexsun to enter into the LOI, CCL and MIA and to defraud Nexsun out of the Refundable Deposit.

42.     Plaintiff is informed and believes, and based upon such information and belief alleges, over the past ten (10) years that, pursuant to the Conspiracy, the Dupont Defendants have perpetrated this or similar schemes to defraud other companies or individuals.

11

43.     The foregoing acts, events and omissions have proximately caused injury and damage to Nexsun in the County of Los Angeles, State of California.

## FIRST CLAIM FOR RELIEF

(Against the Dupont Defendants for Violation of 18 U.S.C. § 1962(c))

44.     The allegations contained in paragraphs 1 through 43 hereof are hereby incorporated by reference as though fully set forth herein.

45.     The Dupont Defendants are "persons" within the meaning of 18 U.S.C. § 1961(3).

46.     Plaintiff is informed and believes, and based upon such information and belief alleges, that the Dupont Defendants conspired among themselves with the common goal of defrauding Nexsun through the schemes described more fully above.

47.     The Conspiracy involved numerous and repeated interstate and foreign wire, mail, telephonic and electronic communications from the Dupont Defendants, which were intended to defraud and in fact defrauded Nexsun.

48.     The Dupont Defendants, and each of them, committed multiple violations of the acts of mail and wire fraud, 18 U.S.C. §§ 1341 and 1343, through numerous and repeated communications which induced Nexsun to enter into the LOI, CCL and MIA and to remit the Refundable Deposit to the Dupont Defendants.

12

49.    The Dupont Defendants are "enterprises" within the meaning of 18 U.S.C. § 1961(4).  At all relevant times, the Dupont Defendants were engaged in or affecting foreign commerce and had a common goal of defrauding Nexsun and other companies or individuals.

50.    Alternatively, the Dupont Defendants are an "association-in-fact enterprise" within the meaning of 18 U.S.C. § 1961(4).  At all relevant times, this association-in-fact enterprise was engaged in or affecting foreign and interstate commerce, and had a common goal of defrauding Nexsun pursuant to the Conspiracy.

51.    The Dupont Defendants are distinct enterprises in or affecting foreign or interstate commerce.  The Dupont Defendants, and each of them, directly participated in directing, managing and operating the Dupont Defendants' affairs through the use of fraudulent electronic mail, interstate telephone calls, and/or U.S. Mail.

52.    The Dupont Defendants, and each of them, knowingly and intentionally engaged in, and/or conspired to engage in, a pattern of racketeering activities that included, but was not limited to, the fraudulent investment scheme described above, and included similar investment schemes that were perpetrated by them on other victims.

13

53.     Plaintiff is informed and believes, and based upon such information and belief alleges, that the Dupont Defendants, and each of them, have independent personal stakes in achieving the Dupont Defendants' illegal objectives.

54.     Plaintiff is informed and believes, and based upon such information and belief alleges, that the Dupont Defendants, and each of them, funded the Dupont Defendants' activities with funds they obtained from racketeering activities.

55.     Plaintiff is informed and believes, and based upon such information and belief alleges, that the Dupont Defendants' pattern of racketeering activities is recurring, and numerous other individuals/entities were victimized by the Dupont Defendants' fraudulent schemes.  Furthermore, there is a real threat that the Dupont Defendants' pattern of racketeering activities is continuing.

56.     The Dupont Defendants' actions were in violation of 18 U.S.C. § 1962(c).

57.     The Dupont Defendants' activities were a direct and foreseeable cause of Nexsun's injury to its business interests in an amount according to proof, but believed to be in excess of Two Million Dollars ($2,000,000).

58.     Pursuant to 18 U.S.C. § 1964, Nexsun is entitled to treble damages in an amount according to proof.

## SECOND CLAIM FOR RELIEF

(Against the Dupont Defendants for Promissory Fraud)

59.     The allegations contained in paragraphs 1 through 43 hereof are hereby incorporated by reference as though fully set forth herein.

60.     As more fully set forth above, within the last two (2) years, the Dupont Defendants, and each of them, by and through their authorized agents, John Condo and Michael Zanetti falsely and fraudulently represented to Nexsun's officers and executives, among others, that:

      a.     the Dupont Defendants controlled hundreds of millions of dollars of investment capital earmarked for investment into renewable fuel projects;

      b.     the Dupont Defendants had the ability and desire to invest the sum of Three Hundred Thirty Million Dollars ($330,000,000) to facilitate the development of the Nexsun Projects;

      c.     the Dupont Defendants' investment into the Nexsun Projects would be funded within thirty (30) after signing of the MIA;

      d.     the Dupont Defendants would provide Nexsun with verifiable proof of the availability of funding for the Nexsun Projects;

e.    the Dupont Defendants would provide Nexsun with an assignment of funds on deposit with a foreign bank for Nexsun's benefit and protection and that such information would be fully verifiable; and

f.    the Refundable Deposit would be fully refundable if the Dupont Defendants failed to fund the investment.

61.    The representations made by the Dupont Defendants, and each of them, were in fact false.  The true facts were that:

a.    the Dupont Defendants lacked the funds to invest the sum of Three Hundred Thirty Million Dollars ($330,000,000) to facilitate the development of the Nexsun Projects;

b.    the Dupont Defendants did not have access to or controlled sufficient investment funds to enable them to make a Three Hundred Thirty Million Dollar ($330,000,000) investment for development of the Nexsun Projects;

c.    the Dupont Defendants had no intention of funding the Nexsun Projects;

d.    the Dupont Defendants did not intend to provide Nexsun with verifiable proof of the availability of funding for the Nexsun Projects;

e.    the Dupont Defendants did not intend to provide Nexsun with an assignment of funds on deposit with a foreign bank for Nexsun's benefit; and

16

f.      the Dupont Defendants did not intend to return the Refundable Deposit if the Dupont Defendants failed to fund the investment.

62.      Plaintiff is informed and believes, and based upon such information and belief alleges, that when the Dupont Defendants, by and through their authorized agents, made the aforementioned representations to Nexsun, they knew them to be false and these representations were made by the Dupont Defendants with the intent to defraud and deceive Nexsun and with the intent to induce Nexsun to rely thereon to its detriment as more particularly alleged herein.

63.      When the Dupont Defendants made the aforementioned representations, Nexsun was ignorant of the falsity of the Dupont Defendants' representations and believed them to be true.  In reliance on these representations, Nexsun was induced to enter into the LOI, CCL and MIA and wired the Refundable Deposit to the Dupont Defendants.  Had Nexsun known the true facts, it would not have taken such action.  Nexsun's reliance on the Dupont Defendants' representations was justified.  Despite its exercise of reasonable diligence, Nexsun could not have discovered the truth of the Dupont Defendants' representations due to the Dupont Defendants' false representations and acts of concealment.

64.      As a direct and proximate result of the Dupont Defendants' fraudulent misrepresentations, Nexsun has suffered damages in an amount according to proof at trial, but believed to be in excess of Two Million Dollars ($2,000,000).

65.     The aforementioned conduct of the Dupont Defendants, and each of them, was an intentional misrepresentation, deceit or concealment of a material fact known to the Dupont Defendants thereby causing injury and was despicable conduct that subjected Nexsun to cruel and unjust hardship in conscious disregard of Nexsun's rights so as to justify an award of exemplary and punitive damages, according to proof at trial.

## THIRD CLAIM FOR RELIEF

(Against the Dupont Defendants for Negligent Misrepresentation)

66.     The allegations contained in paragraphs 1 through 43 hereof are hereby incorporated by reference as though fully set forth herein.

67.     The Dupont Defendants, and each of them, by and through their authorized agents, John Condo and Michael Zanetti made the false representations, as alleged in paragraph 60 *supra*, without reasonable grounds for believing that said representations were true.

68.     Plaintiff is informed and believes, and based upon such information and belief alleges, that the Dupont Defendants, and each of them, made the false representations, as alleged in paragraph 60 *supra*, with the intent to defraud and deceive Nexsun and with the intent to induce Nexsun to act in the matter herein alleged.

18

69.    When the Dupont Defendants made the aforementioned representations, Nexsun was ignorant of the falsity of the Dupont Defendants' representations and believed them to be true.  In reliance on these representations, Nexsun was induced to enter into the LOI, CCL and MIA and wired the Refundable Deposit to the Dupont Defendants.  Had Nexsun known the true facts, it would not have taken such action.  Nexsun's reliance on the Dupont Defendants' representations was justified.

70.    As a direct and proximate result of the Dupont Defendants' false representations, Nexsun has suffered damages in an amount according to proof, but believed to be in excess of Two Million Dollars ($2,000,000).

## FOURTH CLAIM FOR RELIEF

(Against the Dupont Defendants for Fraudulent Concealment)

71.    The allegations contained in paragraphs 1 through 43 hereof are hereby incorporated by reference as though fully set forth herein.

72.    The Dupont Defendants, and each of them, concealed or suppressed the following material facts from Nexsun:

a.    the Dupont Defendants lacked the ability to invest the sum of Three Hundred Thirty Million Dollars ($330,000,000) to facilitate the development of the Nexsun Projects;

19

b.     that John Condo and/or other affiliates of the Dupont Defendants had previously been sued by the U.S. Securities and Exchange Commission and forced to disgorge profits from an investment scheme;

c.     the Dupont Defendants were the subject of multiple on-going criminal investigations;

d.     the Dupont Defendants did not represent a group of investors and had no access or control of hundreds of millions of dollars in investment funds earmarked for investment in renewable fuel projects;

e.     the Dupont Defendants did not intend to return the Refundable Deposit if the Dupont Defendants failed to fund the investment;

f.     the investment in the Nexsun Projects would not be funded within thirty (30) days of the signing of the MIA;

g.     the Dupont Defendants intended to utilize Refundable Deposit for their own pecuniary benefit; and

h.     that other developer groups had lost confidence in the Dupont Defendants and had demanded the return of their investments.

73.    As a result of the parties' dealings and relationship, the Dupont Defendants had a duty to disclose to Nexsun the above-referenced facts.

74.    With the intent to defraud Nexsun, the Dupont Defendants intentionally concealed and/or suppressed the material facts noted above.

75.     At all times relevant herein, Nexsun was unaware of the facts the Dupont Defendants concealed or suppressed from Nexsun and Nexsun would not have acted as it did if it had known of the concealed or suppressed fact.

76.     As a direct and proximate result of the Dupont Defendants' concealment or suppression of material facts, Nexsun sustained damages in an amount according to proof, but believed to be in excess of Two Million Dollars ($2,000,000).

77.     The aforementioned conduct of the Dupont Defendants, and each of them, was an intentional misrepresentation, deceit or concealment of a material fact known to the Dupont Defendants thereby causing injury and was despicable conduct that subjected Nexsun to cruel and unjust hardship in conscious disregard of Nexsun's rights so as to justify an award of exemplary and punitive damages, according to proof at trial.

## FIFTH CLAIM FOR RELIEF

(Against the Dupont Defendants for Conspiracy to Commit Mail and Wire Fraud)

78.     The allegations contained in paragraphs 1 through 43 hereof are hereby incorporated by reference as though fully set forth herein.

79.     The Dupont Defendants, and each of them, with knowledge of some or all of each other's acts, intentionally participated in a scheme to defraud Nexsun.

80.     As described in more detail above, the Dupont Defendants, and each of them, communicated to Nexsun by means of electronic mail, interstate telephone calls, and/or U.S. Mail in further of the Conspiracy and with the intent to defraud Nexsun in violation of 18 U.S.C. §§ 1341 and 1343.

81.     As a direct and proximate result of the conspiracy committed by the Dupont Defendants, Nexsun sustained damages in a sum according to proof at trial, but believed to be in excess of Two Million Dollars ($2,000,000).

82.     The aforementioned conduct of the Dupont Defendants, and each of them, was an intentional misrepresentation, deceit or concealment of a material fact known to the Dupont Defendants thereby causing injury and was despicable conduct that subjected Nexsun to cruel and unjust hardship in conscious disregard of Nexsun's rights so as to justify an award of exemplary and punitive damages, according to proof at trial.

## SIXTH CLAIM FOR RELIEF

(Against the Dupont Defendants for Unjust Enrichment)

83.     The allegations contained in paragraphs 1 through 43 hereof are hereby incorporated by reference as though fully set forth herein.

84.     Within the last two (2) years, Nexsun remitted the Refundable Deposit to the Dupont Defendants.

22

85.     No part of the Refundable Deposit has been repaid, notwithstanding Nexsun's demand for repayment because the Dupont Defendants failed to invest the sum of Three Hundred Thirty Million Dollars ($330,000,000) to facilitate the development of the Nexsun Projects within thirty (30) days after full execution of the MIA or otherwise.

86.     In light of the Dupont Defendants' conduct as alleged above, it would be unjust for the Dupont Defendants to retain the benefits they obtained from Nexsun.

## SEVENTH CLAIM FOR RELIEF

(Against Defendant BBDA Global for Rescission)

87.     The allegations contained in paragraphs 1 through 43 hereof are hereby incorporated by reference as though fully set forth herein.

88.     In order to induce Nexsun to enter into the LOI, CCL and MIA, the Dupont Defendants concealed or suppressed the material fact that they lacked the ability to invest the sum of Three Hundred Thirty Million Dollars ($330,000,000) to facilitate the development of the Nexsun Projects.

89.     At all times relevant herein, Nexsun was unaware of the fact that the Dupont Defendants lacked the intent and ability to fund the Nexsun Projects and Nexsun would not have entered into the LOI, CCL and MIA if it had known of the concealed or suppressed fact.

23

90.     Nexsun intends services of the summons and complaint in this action to serve as further notice of rescission of the LOI, CCL and MIA, and hereby demand that the Dupont Defendants restore to Nexsun the sum of Three Hundred Thousand Dollars ($300,000), plus interest thereon at the legal rate, according to proof at trial.

## EIGHTH CLAIM FOR RELIEF

(Against Defendant BBDA Global for Declaratory Relief)

91.     The allegations contained in paragraphs 1 through 43 hereof are hereby incorporated by reference as though fully set forth herein.

92.     An actual controversy has arisen and now exists among Plaintiff, on the one hand, and the Dupont Defendants, on the other hand, with respect to the validity and enforceability of the LOI, CCL and MIA.

93.     Nexsun seeks a judicial determination of its rights, duties and obligations with respect to the LOI, CCL and MIA and a declaration that the LOI, CCL and MIA are subject to rescission and unenforceable due to the Dupont Defendants' fraudulent actions and omissions, as more fully set forth above.

94.     A judicial determination is necessary and appropriate at this time under the circumstances in order that Nexsun may ascertain its rights and obligations and further to prevent Nexsun from suffering additional damages.

24

## NINTH CLAIM FOR RELIEF

(Against the Dupont Defendants for Imposition of a Constructive Trust)

95.     The allegations contained in paragraphs 1 through 43 hereof are hereby incorporated by reference as though fully set forth herein.

96.     The Dupont Defendants' actions and omissions are alleged herein were fraudulent.

97.     Nexsun is informed and believes and thereon alleges that the Refundable Deposit is in the Dupont Defendants' possession, custody or control or in possession, custody or control of persons/entities closely related to the Dupont Defendants.

98.     Nexsun is entitled to the imposition of a constructive trust by which the Dupont Defendants are bound to act as constructive trustees and to hold in trust for Nexsun's benefit the Refundable Deposit and the rents, issues and profits thereof pending the resolution of this proceeding.

99.     Nexsun is informed and believes and thereon alleges that, unless enjoined by this Court, the Dupont Defendants will dissipate and/or transfer the Refundable Deposit as well as the rents, issues and profits thereof.

## TENTH CLAIM FOR RELIEF

(Against the Dupont Defendants for an Accounting)

100.   The allegations contained in paragraphs 1 through 43 hereof are hereby incorporated by reference as though fully set forth herein.

101.   The Dupont Defendants received from Nexsun the sum of Three Hundred Thousand Dollars ($300,000) to facilitate the development of the Nexsun Projects, all or portions of which are due to Nexsun.  The exact amount of money due from the Dupont Defendants to Nexsun is unknown to Nexsun and cannot be ascertained without an accounting of the records showing, among other things, the Dupont Defendants' receipts and disbursements, including an accounting of the rents, issues and profits derived from the Dupont Defendants' use of the Refundable Deposit.

102.   Nexsun demanded that the Dupont Defendants account for the aforementioned transaction and pay all amounts due to Nexsun, but the Dupont Defendants failed and refused, and continue to fail and refuse, to render the accounting and pay Nexsun.

## ELEVENTH CLAIM FOR RELIEF

(Against the Dupont Defendants for Conversion)

103.   The allegations contained in paragraphs 1 through 43 hereof are hereby incorporated by reference as though fully set forth herein.

104.   On or about September 2, 2008, the Dupont Defendants received the Refundable Deposit from Nexsun to facilitate the development of the Nexsun Projects.

105.   Despite the fact that the Dupont Defendants have not facilitated the development the Nexsun Projects, the Dupont Defendants failed to comply with Nexsun's demand for the return of the Refundable Deposit.  The Dupont Defendants thereby converted the Refundable Deposit to their own personal use.

106.   As a result of the Defendants' conversion of the Refundable Deposit, Nexsun sustained damages in a sum according to proof at trial.

107.   The Dupont Defendants' conduct as described above, involved malice, oppressions and fraud, and such conduct was clearly despicable and it subjected Nexsun to cruel and unjust hardship in conscious disregard of Nexsun's rights so as to justify an award of exemplary and punitive damages, according to proof at trial.

## TWELFTH CLAIM FOR RELIEF

(Against Defendants William Sturtevant

and Lynn Knox for Negligence)

108.   The allegations contained in paragraphs 1 through 43 hereof are hereby incorporated by reference as though fully set forth herein.

27

109.   In or about mid-2008, William Sturtevant and Lynn Knox undertook to act as commercial loan brokers for Nexsun.  As a result of Nexsun's retention of Messrs. Sturtevant and Knox, they owed a duty of care in performing professional services on Nexsun's behalf.

110.   Defendants William Sturtevant and Lynn Knox breached their duty of care when they failed to exercise due diligence regarding their efforts to secure funding for Nexsun with the Dupont Defendants.

111.   As a direct and proximate result of William Sturtevant and Lynn Knox's aforementioned negligent conduct, Nexsun sustained actual damages in an amount according to proof at trial, but believed to be in excess of Two Million Dollars ($2,000,000).

## THIRTEENTH CLAIM FOR RELIEF

(Against Defendants William Sturtevant

and Lynn Knox for Breach of Fiduciary Duty)

112.   The allegations contained in paragraphs 1 through 43 hereof are hereby incorporated by reference as though fully set forth herein.

113.   Defendants William Sturtevant and Lynn Knox had a special relationship with Nexsun, in that Messrs. Sturtevant and Knox assumed a fiduciary position in relation to their efforts to secure funding for Nexsun with the Dupont Defendants.  As such, Messrs. Sturtevant and Knox were fiduciaries as to Nexsun.

28

114.   Defendants William Sturtevant and Lynn Knox, and each of them, owed a duty of utmost care integrity, honesty and loyalty toward Nexsun.

115.   Defendants William Sturtevant and Lynn Knox breached their respective fiduciary duties to Nexsun by, among other things, failing to conduct due diligence regarding their efforts to secure funding for Nexsun with the Dupont Defendants.  Nexsun was lured into the transaction believing that William Sturtevant and Lynn Knox had properly vetted the Dupont Defendants.

116.   As a direct and proximate result of Messrs. Sturtevant and Knox's breaches of their fiduciary duties, Nexsun suffered damages in an amount according to proof, but believed to be in excess of Two Million Dollars ($2,000,000).

117.   Defendants William Sturtevant and Lynn Knox's conduct as described above, involved malice, oppressions and fraud, and such conduct was clearly despicable and it subjected Nexsun to cruel and unjust hardship in conscious disregard of Nexsun's rights so as to justify an award of exemplary and punitive damages, according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

## ON THE FIRST CLAIM FOR RELIEF

1.      For an award of compensatory damages according to proof at trial, believed to be in excess of Two Million Dollars ($2,000,000);

2.      For an award of treble damages according to proof at trial;

3.      For reasonable attorneys' fees according to proof at trial;

## ON THE SECOND, THIRD, FOURTH, FIFTH AND THIRTEENTH CLAIMS FOR RELIEF

4.      For an award of compensatory damages according to proof at trial, believed to be in excess of Two Million Dollars ($2,000,000);

5.      For an award of punitive damages according to proof at trial;

## ON THE SIXTH, TENTH, ELEVENTH AND TWELFTH CLAIMS FOR RELIEF

6.      For an award of compensatory damages according to proof at trial, believed to be in excess of Two Million Dollars ($2,000,000);

## ON THE SEVENTH CLAIM FOR RELIEF

7.      For rescission of the LOI, CCL and MIA;

8.      That Defendants be ordered to pay Plaintiff the sum of Three Hundred Thousand Dollars ($300,000);

## ON THE EIGHTH CLAIM FOR RELIEF

9.      For a judicial declaration of Plaintiff's rights and obligations with respect to the LOI, CCL and MIA and in particular for a declaration that said agreements are void and unenforceable.

## ON THE NINTH CLAIM FOR RELIEF

10.     For an order declaring that Defendants hold the Refundable Deposit in trust for Plaintiff

11.     That Defendants be ordered to pay Plaintiff a sum equivalent to the Refundable Deposit, as well as all rents and profits Defendants received from their use of the Refundable Deposit.

## ON ALL CLAIMS FOR RELIEF

12.     For costs of suit incurred herein;

13.     An award of pre-judgment and post-judgment interest according to proof at trial; and

14.     Such other and further relief as the Court may deem just and proper.


Dated: November 23, 2009          Respectfully submitted,

                                  LEE & KENT

                                  By: _____
                                      O. Andrew Wheaton
                                      Attorneys for Plaintiff
                                      Nexsun Corp.

31

# DEMAND FOR JURY TRIAL

Plaintiff Nexsun Corp. hereby demands a trial by jury of all claims in this action.

Dated: November 23, 2009                    Respectfully submitted,

LEE & KENT

By: _____
                              O. Andrew Wheaton
                        Attorneys for Plaintiff
                        Nexsun Corp.

32

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV09- 8606 ODW (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
O. Andrew Wheaton, Esq. (SB#151811)
LEE & KENT
915 Whilshire Blvd., Ste 2050
Los Angeles, CA 90017, (213) 542-4232

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NEXSUN CORP., a Texas corporation,

PLAINTIFF(S)

v.

JOHN CONDO, also know as IOANNIS KOUTSOUBOS, individually
and doing business as DUPONT ALLIANCE; DUPONT ALLIANCE,
LLC, a Florida limited liability company; BBDA GLOBAL
INVESTMENT FUND, LLC, a Florida limited liability company;
DAC GLOBAL, LLC, a Florida limited liability company; MICHAEL
ZANETTI, an individual; BBDA ADVISORS, LLC, a Florida limited
liability company; WILLIAM STURTEVANT, an individual;
LYNN KNOX, an individual,                              DEFENDANT(S).

CASE NUMBER

CV09-8606ODW (SSx)

SUMMONS

COPY

TO:     DEFENDANT(S): JOHN CONDO, individually and doing business as DUPONT ALLIANCE; DUPONT ALLIANCE, LLC, a
Florida limited liability company; BBDA GLOBAL INVESTMENT FUND, LLC, a Florida limited liability company; DAC GLOBAL, LLC, a
Florida limited liability company; MICHAEL ZANETTI, an individual; BBDA ADVISORS, LLC, a Florida limited liability company; WILLIAM
STURTEVANT, an individual; LYNN KNOX, an individual,
        A lawsuit has been filed against you.

        Within _28_ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney, _____, whose address is
_____.  If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___2 3 NOV 2009___

By: _____
        **SHEA BOURGEOIS**
        Deputy Clerk

        *(Seal of the Court)*

        SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

NEXSUN CORP., a Texas corporation

COPY

**DEFENDANTS** JOHN CONDO, also known as IOANNIS KOUTSOUBOS, Individually and doing business as DUPONT ALLIANCE; DUPONT ALLIANCE, LLC, a Florida limited liability company; BBDA GLOBAL INVESTMENT FUND, LLC, a Florida limited liability company; DAC GLOBAL, LLC, a Florida limited liability company; MICHAEL ZANETTI, an individual; BBDA ADVISORS, LLC, a Florida limited liability company; WILLIAM STURTEVANT, an individual; LYNN KNOX, an individual.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

O. Andrew Wheaton, Esq. (SB#151811), LEE & KENT
915 Wilshire Blvd., Ste 2050, Los Angeles, CA 90017, Tel. (213) 542-4232

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No      ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

18 U.S.C. § 1961 - Civil RICO

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☑ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare |  | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability |  | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION |  | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions |  | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment |  |  |  | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property |  |  |  |  |

CV09-8606

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                CIVIL COVER SHEET                Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida and Georgia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
 Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date _11/23/09_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |